Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2722 | **DATE** | 10/15/2001 |
| **CASE TITLE** | Koszola vs. Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 11/30/2001 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss (5-1) is denied in part and granted in part. The Board's motion to dismiss that segment of Ms. Koszola's Title VII claim (Count I) occurring more than 300 days prior to her EEOC filing is denied. Ms. Koszola's 1983 claim (Count II) is dismissed without prejudice for failing to state a claim, and she is directed to submit an amended complaint clarifying the constitutional right allegedly deprived on or before 11/5/01. The status hearing set for 10/30/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | OCT 16 2001 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | *CM* | 20 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 10/15/2001 | | |
| GL | courtroom deputy's initials | 01 OCT 16 AM 8: 10 | date mailed notice GL | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN KOSZOLA, )
)
      Plaintiff, )
)
v. )
) No. 01 C 2722
BOARD OF EDUCATION )
OF THE CITY OF CHICAGO, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

      The plaintiff, Ms. Kathleen Koszola, is an elementary school teacher who, despite repeated applications, failed to obtain a position with the Board of Education of the City of Chicago ("Board") between 1995 and 2001. She brought suit under Title VII and 42 U.S.C § 1983, claiming these rejections were due to a Board practice of racially discriminating against white teachers in favor of minority applicants. The Board filed a motion to dismiss portions of Ms. Koszola's Title VII claim and the entirety of her § 1983 claim, asserting that both are time-barred and that the § 1983 count fails to state a valid claim. For the reasons stated below, the motion is denied in part and granted in part.

### Background

      Ms. Koszola attempted to obtain a permanent teaching position with the Board from September 15, 1995 until April 17, 2001, the date she filed her complaint. She believes she was denied this employment opportunity because she is not a member of a minority group. In support of this belief, Ms. Koszola asserts that she continuously requested interviews during the stated time period, but was refused, advised not to submit her resume and informed that her race was the cause of the rejection. Ms. Koszola further claims that the Board at times referred to an affirmative action consent decree as the basis for these actions. The complaint also enumerates a series of specific incidents of application and rejection, occurring throughout

1

1996 into September 1997, and again between 1999 and June 2000. No individual incidents of alleged discrimination are identified prior to 1996, during 1998, nor subsequent to June 2000.

Ms. Koszola filed charges of racial discrimination against the Board with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights on two separate occasions. Her November 24, 1997 filing stated that she was not hired on September 15, 1997 because of her race.[1] Ms. Koszola states in her complaint that her August 1999 application for a position as a full time substitute teacher was denied in retaliation for this filing. Her second filing with the EEOC, on March 24, 2000, alleged that she was denied employment in Region One[2] because of her race from mid-1999 until the time of filing. The second filing further states that a Board employee suggested she apply for positions on the south or west side of Chicago, rather than Region One. Nothing in the pleadings indicates that Ms. Koszola followed this advice. Additionally, the second filing presented the claim of retaliation by the Board in response to the first filing. The EEOC issued a Dismissal and Notice of Rights, relating to the November 1997 filing, on January 20, 2001. This document stated that Ms. Koszola had 90 days within which to file suit in court should she wish to pursue the issue. She subsequently commenced this suit on April 17, 2001, within the permitted timeframe.

Ms. Koszola makes two claims in her complaint. First, that the Board discriminated against her on the basis of race, in violation of 42 U.S.C. § 2000e-2(a)-(b). Second, she claims that the Board deprived her of her constitutional right to the pursuit of happiness, in violation of § 1983. Ms. Koszola states that the employees of the Board, by referring to the consent decree

---

[1] Although the complaint does not make this clear, it appears this incident refers to Ms. Koszola's application to the Garvey School in August 1997. She alleges her application was rejected in a subsequent conversation with the principal, during which she was informed that the school had to hire minorities.

[2] Region One is the northernmost area in the Chicago Public School system.

2

as the justification for their refusal to consider non-minority teachers, acted under the color of law in depriving her of her rights.

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied*, 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Analysis

### Count I

The Board asserts that a portion of Ms. Koszola's Title VII claim is barred by the statute of limitations. It is a prerequisite to suit under Title VII that a charge first be filed with the EEOC. *Galloway v. Gen. Motors Serv. Parts Operations*, 78 F.3d 1164, 1166 (7th Cir. 1996). In Illinois, a person must submit a complaint to the EEOC within 300 days of an allegedly discriminatory incident. 42 U.S.C. § 2000e-5(e); *Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995). Ms. Koszola filed a charge with the EEOC relating to a September 15, 1997 incident on November 24, 1997.[3] The Board therefore states that any incident related in Ms. Koszola's complaint occurring prior to January 28, 1997 (300 days before the November 24th filing) is time-barred.

In order to avoid a timeliness restriction on the portions of her claim transpiring earlier than January 28, 1997, Ms. Koszola must demonstrate a tolling of the statute of limitations

---

[3] As Ms. Koszola has not received a right-to-sue letter from the EEOC regarding her March 2000 filing, the court assumes her Title VII count refers only to the November 24, 1997 charge. Thus, the retaliation charge raised in her second filing is not at issue in this case.

due to a continuing violation by the Board. However, Ms. Koszola's complaint need only present circumstances that *could* amount to a continuing violation in order to avoid dismissal. *See Shipbaugh v. Boys & Girls Clubs of America*, 883 F. Supp. 295, 298 (N.D. Ill. 1995) (to dismiss, the court must determine that the "allegations in [the] complaint would under no circumstances constitute a continuing violation").

The continuing violation doctrine "allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period . . . courts treat such a combination as one continuous act that ends within the limitations period." *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). The foundation of the continuing violation doctrine is the premise that equity requires the statute of limitations not begin to run until a person is or should be aware that his or her rights have been violated. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 446 (7th Cir. 1994) (citing *Martin v. Nannie & Newborns, Inc.*, 3 F.3d 1410, 1415 n. 6 (10th Cir. 1993)). Thus, an individual may sue upon the realization that a series of acts were discriminatory, even if this realization occurs outside the statutory time period. *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 281-82 (7th Cir. 1993). However, if the individual knows or reasonably should have known after each act that discrimination had occurred, the continuing violation theory does not apply. *Id.*

There are three possible continuing violation theories. The first arises in situations that may span a few days, such as hiring or promotion decisions, making it difficult to pinpoint the exact date that the discriminatory action took place. *Selan*, 969 F.2d at 564. The second circumstance occurs where the employer has an "express, openly espoused policy" that is allegedly discriminatory. *Id.* The final theory arises when a plaintiff alleges that an employer "has, for a period of time, followed a practice of discrimination, but has done so covertly," such that the "challenged practice is evidenced only by a series of discrete, allegedly discriminatory acts." *Id.*

4

Ms. Koszola did not explicitly raise any of the three theories in her complaint. Nevertheless, given our obligation to consider all inferences raised by the complaint in the light most favorable to the plaintiff, this omission is not fatal. The second theory[4] may be inferred from the following statement concerning the defendant's actions throughout the periods of alleged discrimination: "Defendant openly admitted wholesale discrimination practices using an affirmative action consent decree as their pretextural [sic] excuse for these practices." (Compl. ¶6(i)). This allegation implies an express, open policy (reliance on the affirmative action consent decree as a means of favoring minority teachers in the application process) that was discriminatory (depriving non-minority teachers of the opportunity to be considered for positions). It is not clear from the complaint at what point in time Ms. Koszola came to believe she was the victim of discrimination. However, construing the facts in the light most favorable to Ms. Koszola, it is plausible that it was not until the principal of the Garvey school explicitly informed her that he had to hire a minority that Ms. Koszola pieced together a pattern of like responses from other schools. Thus, at this point in the proceedings, the court is unwilling to state that Ms. Koszola has failed to assert any set of facts that might establish the applicability of the continuing violation doctrine. Of course, the court will entertain a motion for summary judgment by the Board, if, following discovery, the facts fail to warrant such a conclusion.

Thus, Ms. Koszola's complaint succeeds in raising an allegation that could be construed as presenting circumstances suitable for application of the continuing violation theory. The Board's motion to dismiss all portions of Ms. Koszola's Title VII claim relating to incidents prior to January 28, 1997 is therefore denied.

Count II

The Board requests dismissal of the entirety of Ms. Koszula's § 1983 charge, asserting it failed to properly state a viable § 1983 claim and that it is time-barred.

---

[4] The first theory is inapplicable, as we are addressing a span of years falling outside the statutory period, not days. Similarly, the third theory, that of a covert practice, is of little use to Ms. Koszola, given the inference that she may be relying on the second. A practice cannot be both open in policy and covert in action.

5

We first consider the argument that Ms. Koszola failed to state a valid § 1983 claim. The complaint states that the Board deprived Ms. Koszola of her right to the pursuit of happiness. It elaborates that she was "deprived of her lifelong pursuit of educating primary grade children in the city of Chicago." In its motion to dismiss, the Board equates this with a "liberty interest" claim; an assumption Ms. Koszola denies in her response. Instead, the response identifies the constitutional right as denial of equal protection, a violation not specifically raised in the complaint.

To state a valid § 1983 claim, a plaintiff must allege that "the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States," and that the defendant "acted under color of state law." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Ms. Koszola is not required to prove her § 1983 claim in her complaint; in order to avoid dismissal, she must merely provide the Board with sufficient notice of her alleged injury. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir.1996) ("there must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint")). Thus, we must determine whether the allegations in the complaint sufficiently notified the Board that Ms. Koszola was claiming deprivation of her right to equal protection under the law. We hold that they did not. As noted above, Ms. Koszola makes no mention of her equal protection rights under the Fourteenth Amendment in her complaint. She states that she was deprived of her constitutional right to the pursuit of happiness, not her right to equal protection of the laws. If this is the constitutional right she purports the Board violated, she should so state in her complaint.

Furthermore, although Ms. Koszola attempts to clarify her claim in her response to the motion to dismiss, the proper means of doing so is in an amended complaint. Therefore, we conclude that Ms. Koszola did not present a valid § 1983 claim. The claim is dismissed without prejudice. Ms. Koszola may submit an amended Count II plainly stating the constitutional right she believes was violated.

6

Finally, to guide Ms. Koszola should she wish to amend her complaint, we will address the timeliness argument. When reviewing a § 1983 claim, courts employ the statute of limitations governing personal injury suits in the state in which the injury occurred. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Illinois has a two-year statute of limitations for such claims, 735 Ill. Comp. Stat. Ann. 5/13-202; therefore a two-year statute of limitations applies to § 1983 claims. *Kelly*, 4 F.3d at 511. However, federal law determines when a § 1983 action accrues, and, therefore, when the statutory period begins to run. *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994). A § 1983 claim accrues when the claimant "knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511 (quoting *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). We establish this date by first pinpointing the injury, then ascertaining on what date the claimant "could have sued for that injury." *Id.* The continuing violation theory applies in § 1983 cases in that incidents occurring prior to the statutory period may be linked to those falling within the period only if "a reasonable person in the position of the plaintiff would not have known, at the time the untimely acts occurred, that she had a claim." *Garrison v. Burke*, 165 F.3d 565, 569 (7th Cir. 1999). We remind that in order to avoid dismissal, Ms. Koszola's complaint need only present circumstances that *could* amount to a continuing violation. *See Shipbaugh*, 883 F. Supp. at 298.

We conclude, however, that the continuing violation theory would not assist Ms. Koszola in her § 1983 claim. First, when Ms. Koszola filed her EEOC charge in November 1997, she demonstrated her belief that the Board was engaging in discriminatory practices. Thus, as of November 1997, Ms. Koszola knew her rights had been violated, making any argument that she did not recognize the Board's subsequent actions as in violation of her rights disingenuous. Having filed a claim with the EEOC, Ms. Koszola cannot rely on the argument that a reasonable person would not have known that she had a claim. Second, there is a gap from September 1997 until August 1999 (presumably the period referred to in the complaint during which Ms. Koszola lived out of state), during which time no discriminatory actions are alleged to have

7

occurred. This presents an obstacle to application of the continuing violation theory. In *Selan*, the court noted that a similar "considerable separation" of nearly two years between incidents "weigh[ed] heavily against a finding of a continuing violation." 969 F.2d at 567.

Therefore, as the complaint does not identify any discriminatory incidents occurring between September 1997 and August 1999, the continuing violation theory is unable to link the pre-1997 and post-1999 actions of the Board. Had we not dismissed the entirety of the § 1983 claim, we would hold here that the portion of Ms. Koszola's § 1983 claim pertaining to actions occurring prior to the statutory period was dismissed.

## Conclusion

For the foregoing reasons, the Board's motion to dismiss that segment of Ms. Koszola's Title VII claim (Count I) occurring more than 300 days prior to her EEOC filing is denied. Ms. Koszola's § 1983 claim (Count II) is dismissed without prejudice for failing to state a claim, and she is directed to submit an amended complaint clarifying the constitutional right allegedly deprived.

MARVIN E. ASPEN
United States District Judge

Dated: 10/15/01