Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2722 | **DATE** | 3/12/2002 |
| **CASE TITLE** | Koszola vs. Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant the Board's motion to dismiss (26-1) Count II of Ms..Koszola's amended complaint. In addition, we strike those portions of the amended complaint requesting punitive damages and dismiss those portions relating to age or disability discrimination.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/12/2002 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

KATHLEEN KOSZOLA,)
)
Plaintiff,)
)
v.)
) No. 01 C 2722
BOARD OF EDUCATION)
OF THE CITY OF CHICAGO,)
)
Defendant.)

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

The plaintiff, Ms. Kathleen Koszola, is an elementary school teacher who, despite repeated applications, failed to obtain a position with the Board of Education of the City of Chicago ("Board") between 1995 and 2001. She brought suit under Title VII and 42 U.S.C § 1983, claiming these rejections were due to a Board practice of racially discriminating against white teachers in favor of minority applicants. The Board has filed a motion to dismiss Count II of Ms. Koszola's complaint. In addition, the Board has moved to strike Ms. Koszola's request for punitive damages on all Counts because punitive damages are not available against public employers under either Title VII or § 1983. For the reasons stated below, the Board's motion is granted.

### Background

Ms. Koszola attempted to obtain a permanent teaching position with the Board from September 15, 1995 until April 17, 2001, the date she filed her complaint. She believes she was denied this employment opportunity because she is not a member of a minority group. In support of this belief, Ms. Koszola asserts that she continuously requested interviews during the stated time period, but was refused, advised not to submit her resume and repeatedly informed that her race was the cause of the rejection. Ms. Koszola further claims that the Board at times referred to an affirmative action consent decree as the basis for these actions.

1

The complaint also enumerates a series of specific incidents of application and rejection, occurring throughout 1996 into August 1997, and again between September 1999 and June 2000. No individual incidents of alleged discrimination are identified prior to 1996, during 1998, nor subsequent to June 2000.

Ms. Koszola filed charges of racial discrimination against the Board with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights on two separate occasions. Her November 24, 1997 filing stated that she was not hired on September 15, 1997 because of her race. Ms. Koszola states in her complaint that her August 1999 application for a position as a full-time substitute teacher was denied in retaliation for this filing. Her second filing with the EEOC, on March 24, 2000, alleged that she was denied employment in her preferred part of the city because of her race from mid-1999 until the time of filing. The second filing further states that a Board employee suggested she apply for positions on the south or west side of Chicago, rather than only the north side. Nothing in the pleadings indicates that Ms. Koszola followed this advice. Additionally, the second filing presented the claim of retaliation by the Board in response to the first filing. The EEOC issued a Dismissal and Notice of Rights, relating to the November 1997 filing, on January 20, 2001. This document stated that Ms. Koszola had 90 days within which to file suit in court should she wish to pursue the issue. She subsequently commenced this suit on April 17, 2001, within the permitted time frame.

Ms. Koszola's first complaint was largely dismissed by this court as being time barred and for failure to state a claim. *Koszola v. Bd. of Educ. of the City of Chicago*, No. 01 c 2722, 2001 WL 1247474 (N.D.Ill. Oct. 16, 2001). On November 19, 2001, she filed the present amended complaint. In Count I, she alleges employment discrimination in violation of Title VII and 42 U.S.C. §§ 2000e-2(a) and (b). In Count II, she alleges that the Board violated her civil rights by depriving her of her liberty interest in the pursuit of happiness in violation of 42 U.S.C. § 1983. Count III alleges an equal protection violation pursuant to 42 U.S.C. § 1983.

Analysis

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied,* 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

**Count II**

Count II of Ms. Koszola's complaint alleges that the Board's failure to hire her constituted a deprivation of her "liberty interest, which is the lifelong pursuit of educating primary grade children in the City of Chicago." Am. Compl. ¶ 16. The Board argues in its motion to dismiss Count II that Ms. Koszola has not stated a claim on which relief can be granted because, contrary to her allegations, she does not have a liberty interest to pursue a particular trade or profession or to be employed by a particular employer.

The United States Constitution guarantees neither liberty of occupation, *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573 (1972), nor liberty of reputation, *Paul v. Davis,* 424 U.S. 693, 708, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). *See Strasburger v. Bd. of Educ., Hardin County,* 143 F.3d 351, 356 (7th Cir. 1998), *cert. denied,* 525 U.S. 1069 (1999). The Supreme Court in *Roth,* however, did hold that the state infringes the liberty interest of an employee if it discharges that employee by making false charges against him or her so damaging that the employee is unable to seek other government employment. Since then, the Seventh Circuit has "held many times that state employees have

3

a liberty interest in not being discharged from their employment while being defamed such that they cannot get other government employment." *Strasburger*, 143 F.3d at 356.

The Board argues that Ms. Koszola has not adequately alleged a deprivation of liberty in the employment context because she has not plead, as is necessary, that she (1) was stigmatized by publicly disclosed defamatory statements that (2) caused her to suffer a tangible loss of other employment opportunities as a result of the public disclosure. *Id.* Indeed, Ms. Koszola has failed to plead these facts.

The Board's argument, however, puts the cart before the horse. Prior to even reaching the question of whether Ms. Koszola suffered a deprivation of liberty, we must determine whether she had a liberty interest in the first instance. We hold that she did not. Every case cited by the Board and Ms. Koszola on this point involves the discharge or similar change in employment status of an already-employed individual. Here, Ms. Koszola has never been employed by the Board. Our search of the applicable precedents, in fact, finds no instance in which a person was held to have been deprived of a liberty interest in a job he or she never had to begin with. As such, we dismiss Count II of Ms. Koszola's amended complaint.[1] Even assuming she had a liberty interest in a teaching position with the Board, we would dismiss Count II for failure to plead the necessary elements outlined in *Strasburger*.

**Punitive Damages**

The Board next argues that we strike those portions of the amended complaint that ask for punitive damages. Ms. Koszola has provided no rebuttal to this argument in her response to the Board's motion to dismiss.

The Board, a public municipality, is immune from punitive damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). *See also Landon v. Oswego Unit School Dist.* 143 F.Supp.2d 1011 (N.D.Ill. 2001) (Darrah, J.) (providing lengthy discussion of the *City of Newport* decision). Punitive damages are similarly

---

[1] Even assuming she had a liberty interest in a teaching position with the Board, we would dismiss Count II for failure to plead the necessary elements outlined in *Strasburger*.

4

unavailable against local governmental entities under Title VII (Koszola's Count I). 42 U.S.C. § 1981a(b). As such, the Board's motion is granted and all requests for punitive damages in the amended complaint are hereby stricken.

Finally, the Board takes issue with the apparently unintentional inclusion in the amended complaint of citations to the Age Discrimination in Employment Act and the Americans with Disabilities Act. Ms. Koszola has not plead any facts nor made any claims of age or disability discrimination in her amended complaint. As such, any purported ADEA or ADA claims are hereby dismissed.

## Conclusion

For the reasons above, we grant the Board's motion to dismiss Count II of Ms. Koszola's amended complaint. In addition, we strike those portions of the amended complaint requesting punitive damages and dismiss those portions relating to age or disability discrimination.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 3/12/02

5